**Michael Louts BOLLMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61194.**

Court of Criminal Appeals of Texas, Panel 2.

March 17, 1982.

Joe D. Alford, Orange, for appellant.

William C. Wright, County Atty., & James O. Jenkins, Jr., Asst. County Atty., Orange, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and McCORMICK, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated kidnapping. The jury assessed punishment at 75 years imprisonment. The sufficiency of the evidence is not challenged.

On appeal the appellant asserts two grounds of error, the consideration of which does not require a recitation of the facts. Appellant's first ground of error contends the court erred by failing to grant his pre-trial motion to set aside the indictment.

The indictment reads in part as follows, that appellant did:

" . . . intentionally and knowingly abduct Colton Lavergne by secreting and holding him in a place where he was not likely to be found without the consent of Colton Lavergne and with intent to prevent the liberation of the said Colton Lavergne and with the intent to facilitate the commission of a felony, to wit: aggravated robbery of Robert Cole. . . . "

The appellant in his pre-trial motion and on appeal complains that the indictment deprived the appellant of sufficient notice of the nature of the accusation against him because it failed to allege the requisite elements of the intended aggravated robbery.

█ Pursuant to Article 21.11, Vernon's Ann.C.C.P., an indictment must allege facts sufficient to appraise the defendant of precisely what he is charged with. Generally, an indictment tracking the language of the penal statute in question is legally sufficient to provide a defendant with notice of the charged offense. See *May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981); *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980); *Pollard v. State*, 567 S.W.2d 11 (Tex.Cr.App. 1978).

V.T.C.A. Penal Code, Sec. 20.04, provides in part:

"Sec. 20.04(a): A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

\* \* \* \* \* \*

(3) facilitate the commission of a felony or the flight after the attempt or commission of a felony."

In *Phillips v. State*, 597 S.W.2d 929 (Tex. Cr.App.1980), the defendant challenged an indictment for aggravated kidnapping which charged the aggravating factor pursuant to Sec. 20.04(a)(4), as " . . . violate or abuse him sexually". The defendant in *Phillips* contended the trial court erred in failing to grant his pre-trial motion to quash because the indictment did not allege the requisite facts to show the basis of defendant's alleged "intent to violate and abuse" the complainant "sexually." This Court held there was no reversible error in the trial court's overruling of such motion as the information requested was essentially evidentiary, rather than being required for purposes of notice and plea in bar.

█ We hold the trial court in the instant case did not err by overruling appellant's motion to set aside the indictment, as the indictment contains all the constituent elements of the offense under the provisions of V.T.C.A. Penal Code, Sec. 20.04(a)(3). Pursuant to this Court's holding in *Phillips v. State*, supra, the information requested by the appellant in the instant case is evidentiary and not required for purposes of notice and plea in bar. Cf. *May v. State*, supra (murder for promise of remuneration); *Rider v. State*, 567 S.W.2d 192 (Tex. Cr.App.1978) (burglary with intent to commit a felony); *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.1976) (murder during the commission or attempted commission of aggravated rape). This ground of error is overruled.

█ In his second ground of error, appellant asserts that the trial court erred in admitting the "prison packet" from the Arkansas Department of Corrections, into evidence at the punishment phase of the trial to prove a prior conviction. The "prison packet" was admitted under the provisions of Article 37.07, Sec. 3(a), Vernon's Ann.C. C.P.; however, not for enhancement.

The appellant, relying on *Scott v. State*, 553 S.W.2d 361 (Tex.Cr.App.1977), contends that the certification on the "prison packet" in the instant case is inadequate because it is substantially identical to the certification found inadequate in *Scott.*

The certification in the instant case is in the prescribed language set forth and approved in *Todd v. State*, 598 S.W.2d 286, 292–293 (Tex.Cr.App.1980). The instant

"prison packet" also contained certified copies of the original judgment and sentence. *Cf. Scott v. State, supra.* The appellant's contention was considered and rejected in both *Todd v. State, supra,* and *Cano v. State,* 614 S.W.2d 578, 580 (Tex.Cr.App. 1981). We therefore overrule this ground of error.

The judgment is affirmed.