Aubrey O'Neil COTTON, Appellant,

v.

The STATE of Texas, State.

No. 2–82–049–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 26, 1983.

Charles Warren Van Cleve, Arlington, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Aubrey O'Neil Cotton, waived a jury trial and was found guilty by the trial court of burglary of a habitation with intent to commit a felony. V.T.C.A. Penal Code, § 30.02. Punishment was set at ten (10) years imprisonment.

We affirm.

Cotton urges, in two grounds of error: that he was tried under a fatally defective indictment, which neither stipulated the elements of the offense charged, nor alleged the requisite culpable mental state; and, that his conviction rests upon a fatal variation between the allegations and the evidence, and thus cannot stand.

The evidence at trial was to the effect that Cotton entered the residence in question, held a knife to the throat of the complainant, a twelve year old girl, forcibly removed her underwear, and attempted to effect anal intercourse upon her. The complainant stiffened, and refused Cotton's command to open her legs. She felt Cotton raise up a little, whereupon she turned over, kicked him, and screamed and called out to her mother. Cotton then fled the premises.

Cotton's first ground of error contends that the indictment was fatally defective in that it did not stipulate the elements of the offense and did not allege the requisite culpable mental state for the offense with which he was charged.

The court expressly found Cotton guilty as alleged in count three of the indictment. Count three of the indictment, in pertinent part, reads as follows:

AND IT IS FURTHER PRESENTED IN AND TO SAID COURT, THAT THE SAID AUBREY ONEIL COTTON, IN THE COUNTY OF TARRANT AND STATE AFORESAID, ON OR ABOUT THE 10TH DAY OF MAY, 1981, DID THEN AND THERE INTENTIONALLY AND KNOWINGLY, WITHOUT THE EFFECTIVE CONSENT OF [the owner], THE OWNER THEREOF, ENTER A HABITATION WITH INTENT TO COMMIT SEXUAL ABUSE OF A CHILD, TO–WIT: [the prosecutrix].

■ Cotton maintains that, to be valid, an indictment charging an offense denounced by § 30.02 must define, and not merely refer to by name, the offense for which the burglary was perpetrated. Therefore, he argues, an indictment which merely avers that the burglary was committed with "the intent to commit sexual abuse of a child" is deficient. We disagree. In *Gonzales v. State,* 517 S.W.2d 785, 788 (Tex. Cr.App.1975), which involved a conviction for burglary with intent to commit theft, the court held that:

The actual commission of the offense of theft is not a prerequisite to the commission of burglary. The unlawful entry with *the intent* to commit theft (or a felony) is the required element which must be alleged and proved. Under the definitions of burglary and theft contained in (the Penal Code) ... although the proof will involve the necessity of establishing the *intent* to commit the offense of theft ... the constituent elements of the particular theft or intended theft need not be alleged in an indictment or information for burglary with intent to commit theft.

We hold that it is not necessary to allege in an indictment the elements of the named felony of sexual abuse of a child, where the indictment specifically states that the entry was with the intent to commit sexual abuse of a child. See *Davila v. State,* 547 S.W.2d 606, 608 (Tex.Cr.App.1977). The actual commission of the offense of sexual abuse of a child is not a prerequisite to the commission of burglary here; rather, the unlawful entry with *the intent* to commit sexual abuse of a child (a named felony) is the required element which must have been alleged and proved in the instant case. The elements of sexual abuse of a child need not be alleged in the indictment.

■ Cotton argues in his brief to this court that the failure to delineate in the indictment the constituent elements of sexual abuse of a child deprived him of notice "upon which to prepare his defense." We disagree. V.T.C.A. Penal Code, § 21.10 defines sexual abuse of a child. More par-

ticularized pleadings are not necessary for notice purposes here; they are evidentiary and not required for purposes of notice and plea in bar. *May v. State,* 618 S.W.2d 333, 341 (Tex.Cr.App.1981); *Bollman v. State,* 629 S.W.2d 54, 55 (Tex.Cr.App.1982).

■ Cotton also argues that sexual abuse of a child "requires not just a mental state of a culpable nature, in itself conspicuous by its absence, but a specific type of mental state—an intent to arouse or gratify the sexual desire of any person", and that this must be stated in the indictment, or the indictment will be found fundamentally defective. The question then is whether the indictment here sufficiently alleges the required mental state for the commission of the offense allegedly committed by him. We hold that it does. The indictment alleges that Cotton illegally entered a habitation with the *intent* to commit sexual abuse of a child. It is precisely the intent to commit sexual abuse of a child which must be alleged and proven. Although, as in *Gonzales, supra,* the proof will necessarily involve establishment of Cotton's intent to commit the offense of sexual abuse of a child, which includes proof that he had the required "intent to arouse or gratify the sexual desire of any person" (§ 21.10), this constituent element of the intended sexual abuse of a child need not be alleged in the indictment. Cotton's first ground of error is overruled.

■ Cotton's second ground of error claims that there is a fatal variance between the allegations of the indictment, and the evidence adduced at trial, specifically complaining that the evidence does not show that Cotton's genitals touched the complainant's anus. Without reaching the specific question of whether Cotton's genitals did or did not touch the complainant's anus, we note that it was not necessary for the State to prove all of the elements of the actual felony he intended to commit in order to convict Cotton for burglary of a habitation with intent to commit a felony. The State need only prove that, in the course of Cotton's illegal entry into the habitation in question, he intended to commit a named felony, in this instance that of sexual abuse of a child. Our perusal of the record reveals that the State did so, and we therefore overrule Cotton's second ground of error.

The judgment is affirmed.