Sylvester Nathan **LARRABEE, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–86–0302–CR.

Court of Appeals of Texas, Amarillo.

Jan. 14, 1988.

Discretionary Review Refused May 25, 1988.

Cecil R. Biggers, Spearman, for appellant.

Bruce Roberson, Co. Atty., Perryton, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Sylvester Nathan Larrabee, Jr., appeals from his conviction of aggravated kidnapping and the consequent court-assessed punishment of thirty years confinement in the Texas Department of Corrections. In seven points, appellant says the trial court erred in (1) receiving prejudicial evidence of a separate extraneous offense; (2) failing to quash the indictment because it did not show that the place where the offense was committed is within the jurisdiction of the trial court; (3) finding sufficient evidence to prove venue as alleged in the indictment; (4) improperly charging the jury as to venue; (5) failing to quash the indictment because it did not allege the manner by which appellant allegedly caused "bodily injury"; (6) finding sufficient evidence to prove "abduction" as alleged in the indictment; and (7) failing to charge on the lesser included offense when requested. We affirm the judgment of conviction.

In this case, which was numbered as cause number 2422 in the trial court below, appellant was charged with the aggravated kidnapping of S— N—. In a companion case involving the same sequence of events, cause number 2423 in the court below, appellant was charged with the aggravated kidnapping of V— C—. Upon appellant's conviction in this case, he elected to waive his right to a jury trial and to proceed to a bench trial in the second case. During the course of the second trial, the evidence produced during this trial, together with all objections to that evidence, including challenges to jurisdiction and venue was, by agreement, received into evidence. The cases were then consolidated for punishment hearing before the court. Therefore, the statement of facts filed in this case covers both companion cases.

In his first point, appellant argues that the trial court erred "in receiving prejudicial evidence of a separate extraneous offense committed prior to the case on trial." The question and answer which appellant attacks are as follows:

Q. (by State's counsel) Mr. Larrabee, are you the same Sylvester Nathan Larrabee, Jr. that was convicted in Cause Number FCU–104 in the Superior Court of San Bernadino County, California, with the felony offense of unlawful sexual intercourse?

A. What year was that?

Q. 1979.

A. Yes.

Appellant argues that this evidence "was introduced solely to show that the Appellant was a 'bad guy' and to circumvent his constitutional right to a fair trial" and that

the question was designed to impugn the charactter [sic] of the Appellant and to allow the State to present its rebuttal witness at the guilt-innocence stage of the trial if Appellant had denied having a conviction and if the Appellant answered the question truthfully, then the jury is apprised at the guilt-innocence stage that the Appellant is a "known sex offender."

The effect of this, appellant concludes, was to allow appellant to be impermissibly tried for being a criminal generally. We do not agree.

In support of his proposition, appellant relies upon *Clark v. State*, 726 S.W.2d 120 (Tex.Crim.App.1986). That reliance is misplaced. In that case, the Court did hold that extraneous transactions there admitted at trial served only to show Clark's bad character and should not have been admitted. The transactions in question involved 26 insurance checks payable to Clark's employer but deposited by Clark in her personal account. The case against *Clark* was a circumstantial one and the other transactions were introduced in an attempt to prove her felonious intent in the matter for which she was being tried. Clark did

not testify nor did she present any defensive testimony. There was no showing that Clark had been convicted of any of the extraneous transactions.

■ In the instant case, appellant testified and in that testimony contradicted the testimony of the victim as to all elements of the alleged offense. By doing so, the credibility of the witnesses necessarily was a matter to be decided by the jury in its capacity as the trier of fact. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. 1978). Texas Rule of Criminal Evidence 609 expressly permits the use of prior felony convictions for the purpose of attacking the credibility of a witness, subject only to the qualification that the probative value of the evidence outweighs its prejudicial effect. Under the scenario presented in this case, the probative value of such evidence clearly outweighs its prejudicial effect. Of course, the details of the prior conviction were not admissible and the State made no attempt to introduce those details. Appellant's first point is overruled.

In his second, third, and sixth points of error, appellant contends that the trial court erred in failing to quash the indictment because it did not show that the place where the offense was committed is within the jurisdiction of the court in which the indictment was presented and that there was insufficient evidence to prove "venue" or "abduction" as alleged in the indictment. The indictment states that the offense was committed in Ochiltree County, Texas.

The victim in this case, S— N—, testified that she and her friend, V— C—, "hitched" a ride with appellant at a truck stop in Denver, Colorado. She testified that she was told by appellant to stay in the sleeper compartment during most of the trip and that she and V— C— were released about three miles south of Perryton, Texas. The alleged physical and sexual offenses, which the State argues were evidence of the charge of aggravated kidnapping, were allegedly committed somewhere in the open countryside, the victim not being able to identify where they were at the time. She testified that she was not free to leave the truck from the time "he

woke [the victim] up that night, the night of the 21st, and started doing these things to [her]." She testified that appellant hit her head with a "Mountain Dew" bottle and punched her. She testified that appellant "threatened to hurt us again if we didn't do what he asked us to do." On cross-examination, she stated that she was "pretty sure" both incidents of alleged sexual assault occurred in Colorado. However, she testified that she was not free to leave the truck until appellant "gave us a choice" to get out south of Perryton, Texas.

The offense of aggravated kidnapping is proscribed by Texas Penal Code Annotated section 20.04 (Vernon 1974). As pertinent to the case at bar, the elements required to be established by evidence in order to sustain this conviction are: (1) Appellant (2) intentionally or knowingly (3) abducted (4) S— N— with the intent to facilitate the commission of a felony. *See Bowers v. State*, 570 S.W.2d 929, 932 (Tex.Crim.App. 1978). The intended felony was alleged as to terrorize, inflict bodily injury upon, and sexually assault S— N— and to terrorize V— C—.

Texas Penal Code Annotated section 20.01(2) (Vernon 1974) defines "abduct" as the act of restraining a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found or by using or threatening to use deadly force. Section 20.01(1) provides that to "restrain" a person means to restrict that person's movements without consent so as to interfere substantially with his liberty by moving him from one place to another or by confining him. Section 20.01(1)(A), as pertinent here, provides that restraint is "without consent" if it is accomplished by force, intimidation, or deception.

The thrust of appellant's argument is that no abduction or aggravating incident occurred within Ochiltree County, as alleged in the indictment, and therefore, the court below had no jurisdiction. He reasons that no "abduction" occurred within the confines of Ochiltree County because the alleged victim "never asked the appel-

lant to let her off or out of the truck." He also argues that the alleged "aggravating conduct" occurred outside the State of Texas.

Texas Penal Code Annotated section 1.04 (Vernon 1974) provides:

(a) This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if:

(1) either the conduct or a result that is an element of the offense occurs inside this state.

Article 13.01, Texas Code Criminal Procedure Annotated (Vernon 1977) provides:

Offenses committed wholly or in part outside this State, under circumstances that give this State jurisdiction to prosecute the offender, may be prosecuted in any county in which the offender is found or in any county in which an element of the offense occurs.

Article 13.12, Texas Code Criminal Procedure Annotated (Vernon 1977) provides:

Venue for false imprisonment and kidnapping is in either the county in which the offense was committed, or in any county through, into or out of which the person falsely imprisoned or kidnapped may have been taken.

Article 13.17, Texas Code Criminal Procedure Annotated (Vernon 1977) provides:

... the indictment or information, or any pleading in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue.

Our law imposes no minimal requirement for "restraint" other than that the interference with the victim's liberty be "substantial," *Rogers v. State*, 687 S.W.2d 337, 342 (Tex.Crim.App.1985); *Rodriguez v. State*, 646 S.W.2d 524, 526 (Tex.App.—Houston [1st Dist.] 1982, no pet.), nor does that definition require that the victim be held for any certain length of time. *Sanders v. State*, 605 S.W.2d 612, 614 (Tex.Crim.App. 1980). In *Bowers v. State*, 570 S.W.2d at 929, a convenience store clerk was forced into an automobile by robbers leaving the scene of a robbery when a police car arrived, which, after a short chase, apprehended the culprits. The Court held that conduct was sufficient to establish the "restraint" required to support a conviction of aggravated kidnapping. *Id.* In *Rodriguez v. State*, 646 S.W.2d at 527, the confinement of a victim for a period lasting from two to four minutes was held sufficient to satisfy the aggravated kidnapping statute. The gravamen of the offense is the abduction itself with the requisite aggravating intent. *Padgett v. State*, 683 S.W.2d 453, 462 (Tex.App.—San Antonio 1983, no pet.) (on motion for rehearing).

In *Weaver v. State*, 657 S.W.2d 148 (Tex. Crim.App.1983), the appellant contended that the abduction underlying his conviction for kidnapping, aggravated by an intent to violate or abuse the victim sexually, was complete at the time that the abduction was originally accomplished. Since there was no evidence of his intent to sexually abuse the victim at that particular time, he argued the evidence did not support the conviction. In overruling that contention, the Court held that the restraint incident to abduction did not necessarily occur only at one specific time but was a continuous, ongoing offense until the victim's release, and proof of aggravating conduct occurring during the period of abduction was sufficient to "show the ongoing abduction together with the intent to violate or abuse sexually." *Id.* at 150. *See also Butler v. State*, 645 S.W.2d 820 (Tex. Crim.App.1983).

■ In the case at bar, although the victim acknowledged that she and V—— C—— voluntarily "hitched" a ride with appellant, at the point in time of appellant's threats of force and the physical and sexual assaults, she did not feel able to leave. The abduction then began and continued until the two victims were released south of Perryton in Ochiltree County. Viewed most favorably toward the verdict, as we are required to do, her testimony and that

of her companion were sufficient to establish that an element of the offense, the abduction, occurred in Ochiltree County, Texas. Under section 1.04(a)(1) of the Texas Penal Code Annotated (Vernon 1974) and articles 13.01, 13.12 and 13.17 of the Texas Code Criminal Procedure Annotated (Vernon 1977), this prosecution could correctly be conducted in Ochiltree County, Texas. Appellant's second, third, and sixth points of error are overruled.

In his fourth point, appellant argues that the trial court erred in erroneously charging the jury as to venue. However, his "Arguements [sic] & Authorities Under Ground of Error 4" contains no citation of authority as support for his point. It is well established that a failure to cite any authority in support of points alleged constitutes a waiver of such points. *Zuniga v. State*, 490 S.W.2d 577, 578 (Tex.Crim.App. 1973); Tex.R.App.P. 74(f).

Moreover, the charge in the instant case substantially tracks the charge discussed in *Whitley v. State*, 635 S.W.2d 791, 797 (Tex. App.—Tyler 1982, no pet.), wherein the Court found that articles 13.01, 13.17 and 13.19 of the Texas Code Criminal Procedure Annotated (Vernon 1977) controlled the wording of the charge as to venue in an injury to a child case.

Likewise, in the case at bar, articles 13.01, 13.12 and 13.17 of the Texas Code Criminal Procedure Annotated (Vernon 1977) control this matter. We find no reversible error in the charge. Appellant's fourth point is overruled.

In his fifth point, appellant contends that the trial court erred in failing to quash the indictment because it failed to allege the manner by which appellant allegedly caused "bodily injury." The indictment states in pertinent part as follows:

> ... and the said defendant did then and there intentionally and knowingly abduct the said [victim] with the intent to facilitate the commission of a felony, to-wit: Sexual Assault and with intent to inflict bodily injury on the said [victim] and with intent to violate and abuse sexually the said [victim] and with intent to terrorize the said [victim] and with intent to terrorize V—— C——....

Generally, an indictment tracking the language of the penal statute in question is legally sufficient to provide the defendant with notice of the charged offense. *Bollman v. State*, 629 S.W.2d 54, 55 (Tex.Crim. App.1982). Texas Penal Code Annotated section 20.04 (Vernon 1974), as pertinent to this case, states:

> (a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (3) facilitate the commission of a felony ...;
> (4) inflict bodily injury on him or violate or abuse him sexually;
> (5) terrorize him or a third person;....

In *Bollman v. State*, 629 S.W.2d at 54, the defendant challenged an indictment for aggravated kidnapping which charged the aggravating factor pursuant to section 20.04(a)(3) above, "facilitate the commission of a felony." The defendant in *Bollman* contended the trial court erred in failing to grant his pretrial motion to quash the indictment because the indictment did not allege the requisite facts to show the basis of defendant's alleged "intent to facilitate the commission of a felony." The Court of Criminal Appeals held there was no reversible error in the trial court's overruling of such motion as the information requested was essentially evidentiary, rather than being required for purposes of notice and plea in bar. *Id.* at 55.

In the instant case, appellant filed a pretrial motion entitled "Defendant's Exceptions to the Indictment" which argued that the indictment did not allege all the essential acts and omissions by the defendant necessary to constitute a violation of section 20.02, 20.03 or 20.04 of the Texas Penal Code Annotated (Vernon 1974). In the motion he additionally alleged that the indictment left out a fact that "is crucial to the preparation of the defense."

■ We hold the trial court in the instant case did not err by overruling the motion, as the indictment contained all the

constituent elements of the offense under the provisions of section 20.04(a)(3), (4), and (5), Texas Penal Code Annotated (Vernon 1974). Pursuant to *Bollman v. State*, 629 S.W.2d at 54, the information requested by the appellant in the instant case is evidentiary and not required for purposes of notice and plea in bar. *Cf. Phillips v. State*, 597 S.W.2d 929, 935 (Tex.Crim.App.1980); *Guana v. State*, 672 S.W.2d 248, 250 (Tex. App.—Beaumont 1984, no pet.). Appellant's fifth point is overruled.

In his final point, appellant argues that the trial court erred in refusing to charge the jury on the lesser included offense of false imprisonment when that charge was timely requested. Appellant would be entitled to a charge on false imprisonment if there was testimony that if guilty at all, he was only guilty of the lesser included offense. *See Watson v. State*, 605 S.W.2d 877, 884 (Tex.Crim.App.1979) (opinion on State's Motion for Rehearing). In determining whether he was entitled to the charge, we must utilize a two-step analysis. First, the lesser included offense must be included within the proof necessary to establish the charged offense. Second, there must be evidence in the record that if the defendant is guilty, he is not guilty of the charged offense, but only of the lesser offense. *Rogers v. State*, 687 S.W.2d 337, 344 (Tex.Crim.App.1985).

Section 20.02 of the Texas Penal Code Annotated (Vernon 1974) states that the offense of false imprisonment is committed when a person intentionally or knowingly restrains another person. False imprisonment is a lesser offense of kidnapping, and thus, of aggravated kidnapping. *See Bush v. State*, 172 Tex.Crim. 483, 358 S.W.2d 384, 385 (1962). The first step is thus met.

Appellant apparently relies on exculpatory statements that, if believed by the jury, would assert guilt of no crime at all. Appellant testified that he picked up the two girls in Denver, Colorado, and dropped them off in Limon, Colorado. He then testified that sometime later in the day, "somewhere between Lamar and Springfield," he stopped and the two girls "ran up to the truck and got in." He stated that "one of them [the girls] threatened me and said that if I didn't take them all the way [to Oklahoma City], she was going to blame me for a situation that happened back before I ever picked them up the second time." He testified he then let them out near Perryton, where he thought they hitched a ride into town.

This evidence does not constitute false imprisonment. If an appellant presents evidence that he committed no offense at all, or if he presents no evidence, a charge on a lesser offense is not required. *Rogers v. State*, 687 S.W.2d at 345; *Eldred v. State*, 578 S.W.2d 721, 723–24 (Tex.Crim.App. 1979). Appellant, in his brief, does not refer us to any factual statements supporting his point of error. Assuming, arguendo, that his own testimony and exculpatory statements would be asserted as a basis for the point, such statements are no evidence of false imprisonment. We, therefore, overrule his final point.

All of appellant's points of error having been overruled and there being no reversible error, the judgment of conviction is affirmed.