**Thomas COLLINS, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–96–284–CR, 2–96–285–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 30, 1997.

**15.** *See* Tex.R.App. P. 33.1(a); *see also* Tex.R. Civ. Evid. 103(a)(1); *Bushell,* 803 S.W.2d at 712.

**16.** *See Gee,* 765 S.W.2d at 396.

R. John Holland, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Dawn A. Moore, Cary Piel, Asst. Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for Appellee.

Before CHUCK MILLER (Sitting by Assignment), DAY and LIVINGSTON, JJ.

## OPINION

PER CURIAM.

Appellant Thomas Michael Collins was charged by two informations with two separate "violation of a protective order" offenses. He pled not guilty to a jury, which found him guilty after hearing evidence. At the completion of the guilt stage of the trial, the judge assessed his punishment at confinement for twenty-five days in the Denton County jail. The sentences were to run concurrently. On appeal, Collins brings four points complaining that the trial judge committed reversible error in denying Collins's two motions to quash and two motions to dismiss. We affirm.

Collins was charged in two cases with intentionally and knowingly going "to or near the residence of Colleen Collins as specifically prohibited in a protective order issued in cause number 95–50599–367 in the 367th District Court, Denton County, Texas, said order signed on the 28th day of September, 1995." This conduct is prohibited by Penal Code Section 25.07, which states:

(a) A person commits an offense if, in violation of an order issued under section 3.581, 71.11, or 71.12, Family Code, or under Article 17.292, Code of Criminal Procedure, the person knowingly or intentionally:

. . . .

(3) goes to or near any of the following places as specifically described in the order:

(A) the residence or place of employment or business of a protected individu-

al or a member of the family or household;

TEX. PENAL CODE ANN. § 25.07 (Vernon 1994 & Supp.1997).

The protective order issued in this case was under the authority of the Section 71.11, which states:

> (c) In an order under Subsections (b)(3) and (b)(4) of this section, the court shall specifically describe the prohibited locations and the minimum distances therefrom, if any, that the party must maintain unless Section 71.111 of this code applies, in which case, the court order need not disclose the locations.

TEX. FAM.CODE ANN. 71.11 (Vernon 1996). The specific order Collins was charged with violating stated in part:

> It is ORDERED that Respondent, Thomas M. Collins, is prohibited from doing the following:
>
> Prohibited from going to or near the residence or place of employment or business of COLLEEN COLLINS, whose residence is located at 4937 Stuart Rd., # 362, Denton, Texas, 76207, and whose employment address is located at 8015 Cherry Street, Suite 200, Fort Worth, Texas 76102.

Briefly, the evidence adduced at trial was that Colleen Collins obtained the protective order against her husband, Collins, on September 28, 1995. On October 15 and November 2, 1995, Ms. Collins notified police that her husband was at her home. On both occasions, the police responded. On the first occasion, Collins was not there when the police arrived, but charges were none the less filed against him for that event. On the second occasion, Collins was in the street in front of the residence and was arrested at that time. The second case arose out of this latter occasion.

Collins argues under points one and two[1] that his motions to quash should have been

granted in each case because the information is vague. Collins argues under points three and four[2] that his motions to dismiss should have been granted in each case because the protective order did not contain any minimum distances. He argues all four points together.

■ Points three and four require us to interpret the meaning of Section 71.11, specifically the wording concerning the required specificity of location and distance. TEX. FAM.CODE ANN. § 71.11. Concerning statutory interpretation, in *Boykin v. State*, the Court of Criminal Appeals set out the proper method of interpreting the intent the legislature had in mind in enacting a statute or code provision:

> When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the *literal text* of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment.

*Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991). The plain meaning of a statute is to be given effect unless to do so would lead to absurd consequences that were not possibly intended by the enacting body. *See id.* If two interpretations are possible, we depart from giving effect to the plain meaning of the words in the statute only if one interpretation of the statute produces absurd results and the other does not, in which case we decide in favor of an interpretation to effect the latter. *See Muniz v. State*, 851 S.W.2d 238, 244 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

■ We disagree with Collins that a Section 71.11 order prohibiting a person from going to or near the residence or place of employment or business of another person must describe both a location *and* a minimum distance. *See* TEX. FAM.CODE ANN. § 71.11.

---

**1.** Point one asserts that his motion to quash should have been granted in trial court number CR–95–08003–D, which is our cause number 2–96–284–CR. Point two is identical except it asserts that his motion to quash should have been granted in trial court number CR–95–08798–D, which is our cause number 2–96–285–CR.

**2.** Point three asserts that his motion to dismiss should have been granted in trial court number CR–95–08003–D, which is our cause number 2–96–284–CR. Point of error four is identical except it asserts that his motion to dismiss should have been granted in trial court number CR–95–08798–D, which is our cause number 2–96–285–CR.

The plain wording of the code provision is that the court shall specifically describe the prohibited locations and the minimum distances therefrom, *if any. See id.* By its plain meaning, the section only requires that a distance be set out by the court *if there is one. See id.* We see no requirement that a distance always be set out, nor do we see any absurdity in such an interpretation of the provision. *See Muniz,* 851 S.W.2d at 244; *Boykin,* 818 S.W.2d at 785.

■ Moreover, it is not necessary that the underlying protective order be specific enough to support a judgment of contempt; it is only necessary that it be specific enough to meet the normal requirements of specificity that attach to allegations of culpable conduct. *See Lee v. State,* 799 S.W.2d 750, 752–54 (Tex.Crim.App.1990).[3] The informations in these cases and the protective orders both track the statutory language of the Penal Code Section prohibiting the criminal conduct of going "at or near" the named location of Collins's wife's residence and place of employment. Ordinarily, a charging instrument is sufficient if it tracks the statutory language of the law prohibiting the conduct alleged. *See Bollman v. State,* 629 S.W.2d 54, 55 (Tex.Crim.App.1982); *Ames v. State,* 499 S.W.2d 110, 114 (Tex.Crim.App.1973).

Examining the protective order in this case, we find no flaw in its lack of specificity concerning a distance that Collins was to keep from the specifically-described residence and place of employment of his wife. The trial court was therefore not in error in denying Collins's motion to dismiss the informations in the two cases against him. Points three and four are overruled.

■ Concerning points one and two, which state that the trial judge erred in overruling

Collins's motions to quash in each case because the information is vague, Collins asserts that the underlying protective order contains conflicting provisions. Specifically, Collins points out that while he was prohibited at all times from going to or near his wife's residence, he was also granted the right to pick up his son at that residence on Father's Day and on his son's birthday. Without citation of authority, Collins asserts that this conflict renders the protective order insufficient to support an information charging a criminal offense. We disagree.

The protective order by its plain terms prohibited Collins from going to or near his wife's residence except on two occasions, Father's Day and on his son's birthday.[4] The exceptions were contained later in the protective order, and the general prohibition against going to or near his wife's residence was set out earlier in the order. Essentially, Collins faults the order for not moving the exceptions up to the paragraph containing the general prohibition and making it clearer to him that Father's Day and his son's birthday were in fact exceptions rather than contradictions.

■ We have examined the protective order and we do not agree that the order contains inherent contradictions or conflicting provisions.[5] Father's Day and his son's birthday are plainly times when Collins was allowed to go to his wife's residence for the purpose of picking up his son. Allowing same did not, in any plain reading of the order, create conflicting instructions or prohibitions. Therefore we do not find that the trial court abused its discretion in denying the motions to quash. Points one and two are overruled.

**3.** Although inferentially the Court of Criminal Appeals did, in *Lee,* require that the order must be valid before a criminal prosecution could be legitimately conducted. *Lee,* 799 S.W.2d at 754.

**4.** Neither offense occurred on Father's Day or on Collins's son's birthday.

**5.** Collins pointed out to the trial court that on February 27, 1996, the District Court that issued the protective order quashed the order at the request of both Collins and Ms. Collins. The order quashing the order states:

THEREFORE IT IS ORDERED AND DECREED that the Protective Order granted by this court on September 20, 1995, is QUASHED, INVALIDATED and VOIDED for lack of notice to Respondent for the conflictive terms of the written protective order.

Exactly which terms the court was referring to were not, however, set out. Also, we note that this was an agreed proceeding, and further that such an order is not binding on the trial court in the criminal case. *See Tharp v. State,* 935 S.W.2d 157, 161 (Tex.Crim.App.1996).

The judgments of the trial court are affirmed.