Clinton Bradley WHITE, Appellant

v.

The STATE of Texas.

No. PD–1787–05.

Court of Criminal Appeals of Texas.

Dec. 6, 2006.

Clement Dunn, Longview, for Appellant.

Karen R. Wise, Assistant District Attorney, Dallas, Matthew Paul, State's Attorney, Austin, for State.

## *OPINION*

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

This is a jury-unanimity case. A jury convicted appellant of felony murder under Section 19.02(b)(3), Tex. Pen.Code, which states:

A person commits an offense if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

The evidence shows that appellant, driving a stolen car during a high-speed chase with the police, collided with another car, killing its driver. The indictment alleged in one paragraph that appellant caused the victim's death during the commission of the state-jail felony of unauthorized use of a vehicle, and, in another paragraph, it alleged that appellant caused the victim's death during the commission of the state-

jail felony of evading arrest or detention in a vehicle.[1] The jury charge authorized the jury to convict appellant if it unanimously found that he caused the victim's death during the commission of either one of these two felonies without having to unanimously find which felony appellant was committing.[2]

Appellant claimed for the first time on direct appeal that this violated his right to a unanimous jury verdict. The Court of Appeals rejected this claim because the two felonies alleged in the indictment were the "manner and means of committing felony murder." *See White v. State*, No. 05–04–01248–CR, slip op. at 3–4, 2005 WL 2625481 (Tex.App.-Dallas, delivered October 17, 2005) (not designated for publication). We granted review of the following grounds:

1. The Court of Appeals' decision that the right to a unanimous verdict does not require a jury to be unanimous as to the predicate felony in order to convict a defendant under Section 19.02(b)(3), Texas Penal Code, represents an important question of state and federal law on which the Court of Appeals' decision conflict [sic] with the applicable decisions of the Court of Criminal Appeals and United States Supreme Court.

2. The Court of Appeals has decided an important question of state and federal law that has not been, but should be, settled by the Court of Criminal Appeals, to wit: whether the requirement of a unanimous jury verdict includes a requirement of unanimity on what predicate felony the defendant committed in order to be convicted pursuant to Section 19.02(b)(3), Texas Penal Code.

The term "felony" is clearly an element of Section 19.02(b)(3), thus requiring a jury to unanimously find that the defendant committed a "felony." *See Richardson v. United States*, 526 U.S. 813, 817–19, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) (courts must examine language of statute to determine whether particular term in statute is an element, which requires juror unanimity, or an underlying brute fact or means of committing an element which does not require juror unanimity); *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex.Cr.App.2006), *cert. denied*, 549 U.S. ——, 127 S.Ct. 386 (U.S., 2006) (06–5602). And, in cases like this, where some of the jurors might believe that the defendant committed felony A and the rest of the jurors might believe that he committed felony B, the jury has unanimously found that the defendant committed a "felony." *Compare Richardson*, 526 U.S. at 817, 119 S.Ct. 1707 (where element of robbery is threat of force and jurors disagree on whether defendant used a knife or a gun to threaten force, this disagreement about means "would not matter so long as all 12 jurors unanimously concluded that the [prosecution] had proved the necessary related element, namely, that the defendant had threatened force"). In addition, the transitive verb of the portion of Section 19.02(b)(3) at issue here is "commits" followed by the term "felony." This indicates that the prohibited conduct about which a jury must be unanimous is that the defendant commit a "felony," and not one specific felony out of a combination of felonies. *See Jefferson*, 189 S.W.3d at 314 (Cochran, J., concurring).

---

1. *See* Section 31.07, Tex. Pen.Code, (unauthorized use of a vehicle); Section 38.04(b)(1), Tex. Pen.Code, (evading arrest or detention in a vehicle); Section 12.04(a)(5), Tex. Pen.Code, (classifying state-jail felony as a felony).

2. The jury charge, therefore, authorized the jury to convict appellant if it unanimously found that he caused the victim's death during the commission of a "felony."

We, therefore, decide that, when an indictment alleges multiple felonies in a prosecution under Section 19.02(b)(3), these specifically named felonies are not elements about which a jury must be unanimous. These felonies constitute the manner or means that make up the "felony" element of Section 19.02(b)(3). *See Jefferson*, 189 S.W.3d at 312. We further decide that dispensing with jury unanimity on the felonies alleged in this case does not violate due process because these felonies are "basically morally and conceptually equivalent." *See Jefferson*, 189 S.W.3d at 313–14.

The judgment of the Court of Appeals is affirmed.

WOMACK and JOHNSON, JJ., concurred.