Affirmed and Memorandum Opinion filed June 26, 2007








Affirmed and Memorandum Opinion filed June 26, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00349-CR

_______________

 

RICHARD JAMES BRADFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 1

 Harris County, Texas

Trial Court Cause No. 1354564

                                                                                                                                               


 

O P I N I O N

 

Richard James Bradford appeals a
conviction for driving while intoxicated[1]
on the ground that he was denied the right to a unanimous jury verdict by the
trial court=s failure to instruct the jury that a unanimous jury verdict was required
on whether he was intoxicated by not having the normal use of his mental
faculties or his physical faculties.  We affirm.








In reviewing alleged jury charge
error, we first determine whether error exists in the charge, and if so,
whether sufficient harm resulted from the error to warrant reversal.  Druery
v. State, __ S.W.3d __, __ (Tex. Crim. App. 2007).  The degree of harm
necessary for reversal depends on whether the error was preserved.  Id. 
Where no objection is made to the charge, the conviction will not be reversed
unless the record shows Aegregious harm@ to the defendant.  Id. 
Egregious harm is that which affects the very basis of the case, deprives the
defendant of a valuable right, or vitally affects a defensive theory.  Id.

Jury unanimity is required on: (1)
each element of the offense; and (2) which distinct criminal act(s) the
defendant committed when more than one is alleged to obtain a single
conviction.  See Stuhler v. State, 218 S.W.3d 706, 716-19 (Tex. Crim.
App. 2007); Ngo v. State, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). 
Unanimity is generally not required among alternate theories of proof when the
statute in question establishes different modes or means by which the offense
may be committed or proven.  See Jefferson v. State, 189 S.W.3d 305, 311
(Tex. Crim. App. 2006), cert. denied, 127 S. Ct. 386 (2006).[2]








For the offense of driving while
intoxicated, as relevant to this appeal, "intoxicated" is defined as
either: (1) not having the normal use of mental or physical faculties by reason
of the introduction of alcohol . . . into the body [impairment theory], or (2)
having an alcohol concentration of 0.08 or more [per se theory].  See Tex. Penal Code Ann. _ 49.01(2)(A), (B) (Vernon 2003); Stewart
v. State, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004); Price v. State,
59 S.W.3d 297, 301 (Tex. App.CFort Worth 2001, pet. ref=d).  The two theories of
intoxication, per se and impairment, are not distinct offenses, distinct
elements of the offense, or even alternative means of committing the offense,
but are instead alternative means by which the State may prove intoxication. 
Bagheri v. State, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003); See
Tex. Penal Code Ann. _ 49.01.  Therefore, jury unanimity on one or the other
theory, impairment or per se, is not required for the State to prove
intoxication.  See Price, 59 S.W.3d at 303. 

In this case, the trial judge
instructed the jury:

[I]f you believe . . . that the
defendant . . . did then and there unlawfully while intoxicated, namely, not
having the normal use of his mental or physical faculties by the reason of
the introduction of alcohol into his body, drive or operate a motor vehicle in
a public place, you will find the defendant >Guilty= as charged in the Information.

(emphasis added).  Appellant contends
that jury unanimity was required concerning whether he had lost the normal use
of his physical faculties or his mental faculties because, in the context of a
single offense, unanimity is required concerning which criminal act was
committed.  Appellant further contends that different acts are required to show
a loss of physical faculties than to show loss of mental faculties.

Appellant relies on Ngo to
support his contention.  See Ngo, 175 S.W.3d 738.  In Ngo, the
Court held that when the State seeks a single conviction based on different
criminal acts, each of which could have instead been charged as a separate
offense, and regardless whether those acts constitute violations of the same or
different statutory provisions, the jury must be instructed that it cannot
return a guilty verdict unless it unanimously agrees upon the commission of the
same criminal act.[3]  Id.
at 744.








Conversely, in Jefferson, the
State sought a conviction for injury to a child based on evidence that during a
single incident, appellant committed three different acts that the applicable
statute defined as alternative means of committing a single criminal offense,
and not as three separate criminal offenses.  See Jefferson, 189 S.W.3d
at 313.  The Court held that the three alleged acts were not elements of the
injury to a child offense about which a jury must be unanimous.  Id. at
312.  The Jefferson decision is different from the holding in Ngo because
the applicable statute in Ngo defined the different acts involved as
separate criminal offenses, while the statute in Jefferson defined the
different acts involved as alternative means of committing a single criminal
offense.  Id. at 313.  Such a distinction exists because the legislature
designates that certain crimes, such as injury to a child, are capable of being
committed in multiple ways.  See id. at 311B12.

Unlike in Ngo, where the defendant
was alleged to have committed distinct criminal acts on different days,
appellant was charged in this case with one instance of committing one criminal
act or offense, driving while intoxicated.  See Bagheri, 119 S.W.3d at
762.  Intoxication, an element of that offense, can be demonstrated through
either the impairment theory or the per se theory.  Stewart, 129 S.W.3d
at 97.  The impairment theory, in turn, requires proof of not having the normal
use of mental or physical faculties.  Id.  Because there was only a
single criminal act of driving while intoxicated alleged in this case, there
were no separate criminal acts on which the jurors could disagree to produce a
lack of unanimity.  Similarly, because the per se and impairment theories are
not themselves separate elements of a DWI offense on which unanimity is
required, the loss of physical verses mental ability, as a component of the
impairment theory, is also not a separate element of the offense.  Lastly,
appellant has cited no authority even suggesting that physical impairment from
intoxication could be clearly enough distinguished from mental impairment from
intoxication that jurors could somehow choose between them.

Because appellant=s issue thus fails to demonstrate
that jury unanimity is required on DWI as between the loss of mental and
physical faculties, it is overruled, and the judgment 

 

 

 








of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

 

Judgment rendered and
Opinion filed June 26, 2007.

Panel consists of Chief
Justice Hedges and Justices Fowler and Edelman.

Publish C Tex. R. App. P. 47.2(b).









[1]           A jury found appellant guilty, and the
trial court assessed punishment at 180 days confinement, probated for one year.





[2]           See also White v. State, 208 S.W.3d
467, 469 (Tex. Crim. App. 2006) (holding that unanimity was not required on
which felony the defendant committed in a felony-murder charge because the
specific felonies are not elements of the crime); Martinez v. State, 129
S.W.3d 101, 103 (Tex. Crim. App. 2004) (holding that unanimity was not required
on alternative theories of capital murder, committed either in the course of
committing robbery or aggravated sexual assault); Francis v. State, 36
S.W.3d 121, 124B25 (Tex. Crim. App. 2000) (holding that unanimity was
required when two separate offenses were submitted to the jury in the disjunctive,
indecency with a child by breast-touching or indecency with a child by
genital-touching, each occurring in separate incidents).





[3]           In that case, for example, the appellant
was charged with committing credit card abuse by: (1) stealing a credit card;
(2) receiving a stolen credit card with the intent to use it; and (3)
presenting a credit card to obtain a benefit fraudulently.  Ngo, 175
S.W.3d at 744B45.