NO. 07-09-0377-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 5, 2010

_____

THE STATE OF TEXAS, APPELLANT

v.

TY KELLY GARDNER, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 124935; HONORABLE PAMELA COOK SIRMON, JUDGE

_____

Before QUINN, C.J., CAMPBELL, J., AND BOYD, S.J.[1]

**MEMORANDUM OPINION**

In this appeal, the State of Texas presents three issues which, it contends, demonstrate that the trial court reversibly erred in quashing the information. In the first count of the two-count indictment, Ty Kelly Gardner (herein Gardner) was charged with intentionally, knowingly, or recklessly causing bodily injury to Charity Cravy (Cravy), at the time a member of Gardner's household, by striking her with his hand or with a vehicle door. In the second count, he was charged in identical language except for the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2009).

allegation that Cravy was a member of his household. The information was subsequently amended to change the date of the alleged offense but was without any other change. For reasons we later state, we reverse the order of the trial court and remand the cause for further proceedings.

In pursuing its appeal, the State presents three issues for our decision: 1) what is the proper standard of review of a trial court order quashing an information, 2) was the information with which this appeal is concerned specific enough to inform the defendant of the accusation against him, and 3) are the two acts alleged in the information separate offenses? Because its decision is determinative of this appeal, we will proceed directly to consider the third issue.

Initially, because it is a question of law, we review the sufficiency of a charging instrument *de novo*. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). In doing so, we must first determine if the information here in question gave adequate notice of the alleged criminal conduct. If we find that notice sufficient, our inquiry is ended. However, if we determine the notice was insufficient, we must then determine if, in the context of the case, the lack of notice had an impact on the defendant's ability to prepare a defense, and finally, if it did, how great the impact was. *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986).

The gist of appellee's motion to quash was that his fifth, sixth, and fourteenth amendment rights were denied by the "failure of the [i]nformation to allege an essential element of the offense, namely what specific object was used to strike Charity Cravy." Section 22.01 of the Texas Penal Code provides that "[a] person commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another,

2

including the person's spouse." Tex. Penal Code Ann. §22.01(a)(1) (Vernon Supp. 2009). In instances in which the charging instrument alleges, in a single count, two separate offenses arising under the same penal code provision, the jury must agree on which offense it finds the defendant committed. *Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006); *Dolkart v. State*, 197 S.W.3d 887, 892 (Tex. App.–Dallas 2006, pet. ref'd). Thus, it is necessary to identify the essential elements or gravamen of an offense and the alternate modes of its commission, if any there be. *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007). This can be best accomplished by diagramming the statutory text according to proper grammar rules.

As the *Pizzo* court noted, "the essential elements of an offense are, at a minimum: 1) 'the subject (the defendant)'; 2) 'the main verb'; 3) 'the direct object if the main verb requires a direct object (*i.e.*, the offense is a result-oriented crime'; [4] 'the specific occasion'; and [5] the requisite mental state." *Id.* at 714-15. Furthermore, the court opined, "[t]he means of commission or nonessential unanimity elements are generally set out in 'adverbial phrases' that describe how the offense was committed" and, it further reasoned, "[s]uch phrases are commonly preceded by" the preposition "by." *Id.* Moreover, the transitive verb indicates the prohibited conduct about which the jury must be unanimous. *See White v. State*, 208 S.W.3d 467, 468 (Tex. Crim. App. 2006) (citing *Jefferson v. State*, 189 S.W.3d at 314 (Cochran, J. concurring)). The unanimity requirement is not violated when the jury has the option of choosing between alternative modes of commission of the offense. *Pizzo v. State*, 235 S.W.3d at 715. Thus, different modes of commission of an offense may be stated in a jury instruction if the charging instrument alleges the different means of committing an offense in the

conjunctive. *Id.* Moreover, when the acts and commission all involve the same injury to the same complainant during the same transaction with the same level of culpability, dispensing with jury unanimity does not violate due process. *Jefferson v. State*, 189 S.W.3d at 313.

In this case, the State alleged that appellant (the subject) committed an assault (the verb) by either striking the victim (the direct object) with his cast, his arm, or with the car door (the "adverbial phrase"). That being so, the State did allege an offense and included alternate ways by which it could have been committed. Thus, the trial court erred in granting the motion to quash the information.

Accordingly, we must, and do hereby, reverse the trial court dismissal order and remand the cause for further proceedings.

John T. Boyd
Senior Justice

Do not publish.

4