**Affirmed and Memorandum Opinion filed January 17, 2013.**



In The

## Fourteenth Court of Appeals

NO. 14-11-00912-CR
NO. 14-11-00913-CR

**BRANDON CAINES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1274700, 1274701**

## MEMORANDUM OPINION

Appellant Brandon Caines appeals his convictions for two counts of felony murder, challenging the sufficiency of the evidence and alleging a fatal variance in the indictment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by separate indictments with two felony-murder offenses arising out of a vehicle accident that killed two people. The indictment for each offense alleges the following conduct by appellant on December 4, 2009, causing the deaths of each of the two complainants:

> . . . unlawfully, intentionally, and knowingly commit[ting] the felony offense of unauthorized use of a motor vehicle by operating a motor-propelled vehicle, namely an automobile owned by Mary Ann Martin, without the effective consent of Mary Ann Martin, and while in the course and furtherance of the commission of and the immediate flight from the commission of said offense commit[ting] an act clearly dangerous to human life, to-wit: speeding and failure to maintain a proper lookout and thereby caus[ing] the death of [each of the two named complainants].

The indictments alleged the use of a deadly weapon, the motor vehicle, during the commission of and during the immediate flight from the offenses of felony murder. Appellant pleaded "not guilty" to each of the charged offenses and proceeded to trial; the offenses were tried together.

At trial, witnesses testified to observing a vehicle, a Buick LeSabre, travelling at a high rate of speed. According to the record, the Buick collided with another vehicle, a Ford Mustang, ultimately killing the two occupants of the Mustang. The collision occurred around 6:30 a.m. on December 4, 2009. It is undisputed that appellant was the sole occupant and driver of the Buick. An officer on the scene who witnessed the collision opined that appellant had been operating the Buick in a manner dangerous to human life.

2

In the course of the ensuing investigation, officers discovered that the Buick was stolen. The vehicle belonged to Mary Ann Martin, whose home was five miles from the scene of the collision. The record reflects that on the morning of the collision, Martin's son started the vehicle for her and went back inside his home, leaving the vehicle running to allow it to warm up. The Martins discovered the vehicle was missing at 6:20 a.m. and notified authorities that it had been stolen. Martin testified that she did not know appellant and that appellant did not have consent to use her vehicle.

Data from the vehicle reflects the Buick was travelling at a speed of over eighty miles per hour at the moment of impact on a stretch of roadway zoned for forty miles per hour. Data from the vehicle reflects that appellant travelled in excess of ninety miles per hour in the seconds before the impact. An accident-reconstruction expert opined that operating a vehicle at those speeds was an act dangerous to human life and that the Buick, when operated at that speed, was capable of causing death or serious bodily injury. Another accident-reconstruction expert faulted appellant for causing the collision by operating the Buick at excessive speeds. According to the record, appellant applied brakes just one second before the accident occurred. Although it snowed later that day, the road conditions were dry at the time of the accident.

The trial court's jury charge tracked the language of the indictments. The jury found appellant guilty of both of the charged offenses and found that appellant used or exhibited a deadly weapon, a motor vehicle, during the commission of each offense or during the immediate flight therefrom. The trial court sentenced appellant to seventy-five years' confinement for each offense and ordered the sentences to run concurrently.

ANALYSIS

Appellant challenges the sufficiency of the evidence supporting his conviction on the ground that there was a fatal variance between the indictments and the proof at trial and that he relied upon the indictments to his detriment. In evaluating such a challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A majority of the judges of the Court of Criminal Appeals have determined that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove

beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); *id.* at 912–15 (Cochran, J., concurring, joined by Womack, J.) (same conclusion as plurality). Therefore, we will review the evidence under the *Jackson v. Virginia* standard as articulated in the preceding paragraph.

A person commits the offense of felony murder if that person commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, that person commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual. Tex. Penal Code Ann. § 19.02(b)(3) (West 2012); *see White v. State*, 208 S.W.3d 467, 467 (Tex. Crim. App. 2006). In this case, the alleged underlying felony offense is the unauthorized use of a motor vehicle. A person commits the offense of unauthorized use of a motor vehicle if that person intentionally or knowingly operates another's motor vehicle without the effective consent of the owner. *See* Tex. Penal Code Ann. § 31.07 (West 2011). Operating a vehicle is unlawful only if the accused is aware that the operation of the vehicle is without the owner's consent. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989). Testimony that a vehicle owner did not give consent to operate the vehicle can be sufficient to support a finding that the accused knew he did not have consent to operate the vehicle. *Id.* at 604–05; *Battise v. State*, 264 S.W.3d 222, 227 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

The record reflects that the Buick involved in the collision belonged to Mary Ann Martin. The Martins last saw the vehicle a short time before the collision when the Martins' son started the engine and left the vehicle running in front of the Martins' home, five miles from the site of the collision that killed the two

5

complainants. It is undisputed that appellant was the sole occupant and driver of the Buick involved in the collision. The Martins testified that they did not know appellant and that they did not give appellant consent to use or drive the vehicle. *See McQueen*, 781 S.W.2d at 604–05 (providing that an owner's testimony that he had not given consent to anyone to operate a vehicle was sufficient evidence to show that the defendant knew he was operating a vehicle without consent); *Battise*, 264 S.W.3d at 227; *Richardson v. State*, 823 S.W.2d 710, 715 (Tex. App.—San Antonio 1992, pet. ref'd) (affirming conviction for felony murder with the underlying felony offense of unauthorized use of a motor vehicle based on sufficient evidence that appellant took a vehicle without the owner's consent, drove the vehicle a high rate of speed that was an act dangerous to human life, and caused the vehicle owner's death), *abrogated on other grounds by*, *Johnson v. State*, 4 S.W.3d 254 (Tex. Crim. App. 1999). Although appellant claims that no evidence reflects that he knowingly or intentionally committed the underlying offense of unauthorized use of a motor vehicle because no witness testified as to his state of mind when taking the vehicle, the record evidence is sufficient to show beyond a reasonable doubt that appellant intentionally or knowingly operated the Buick without the owner's consent. *See McQueen*, 781 S.W.2d at 604–05; *Battise*, 264 S.W.3d at 227.

Appellant asserts in his appellate brief that he lacked the requisite culpable intent because he was under the influence of PCP, a narcotic, and that a rational jury should not have found his conduct, in operating the Buick, to be knowing or intentional. Although he points to the record in the punishment phase of trial, containing evidence that appellant was under the influence of PCP at the time of the offense, this evidence was not presented to the jury in the guilt/innocence phase of trial. In our review of the sufficiency of the evidence supporting appellant's

6

convictions, we consider only the evidence admitted in the guilt/innocence phase of trial, and not the evidence presented in the punishment phase of trial. *See Wesbrook*, 29 S.W.3d at 111. Moreover, even if it were proper to consider punishment-phase evidence, evidence of voluntary intoxication is not relevant to a defendant's state of mind at the time of the commission of a crime. *See* Tex. Penal Code Ann. § 8.04(a) (West 2012); *Taylor v. State*, 885 S.W.2d 154, 156 (Tex. Crim. App. 1994). Appellant's arguments are without merit.

The record also reflects that during the commission of the underlying felony offense, appellant operated Martin's Buick at a high rate of speed and that it collided with another vehicle stopped at a traffic signal, resulting in the complainants' deaths. *See Richardson*, 823 S.W.2d at 715 (involving a defendant who committed felony offense of unauthorized use of a vehicle and drove at a high rate of speed). It is undisputed that appellant was the sole occupant and driver of the Buick. Data from the vehicle reflects that in the seconds before impact, appellant was traveling nearly ninety miles an hour in a zone with a posted speed limit of forty miles per hour. An officer on the scene who witnessed the collision opined that appellant, by traveling grossly over the speed limit in a residential area, was operating the vehicle in a manner clearly dangerous to human life. An accident reconstruction expert faulted appellant in the collision for excessive speed or failure to control speed. Based on the evidence, the jury could conclude that appellant's conduct in operating the Buick at that high rate of speed was an act clearly dangerous to human life. *See* Tex. Penal Code Ann. § 19.02(b)(3); *Richardson*, 823 S.W.2d at 715; *see also Alami v. State*, 333 S.W.3d 881, 888 (Tex. App.—Fort Worth 2011, no pet.) (concluding that evidence was sufficient for a jury to conclude beyond a reasonable doubt that the defendant committed an act clearly dangerous to human life when he drove a vehicle at an excessive rate of

speed and caused the speeding vehicle to contact a complainant's vehicle). Viewing the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found beyond a reasonable doubt that in the course of and in furtherance of the commission of the felony offense of unauthorized use of a motor vehicle, or in immediate flight from the commission of this offense, appellant committed an act clearly dangerous to human life, speeding, that caused the deaths of the complainants. *See Richardson*, 823 S.W.2d at 715. The evidence is sufficient to support each of appellant's convictions for felony murder. *See id.*; Tex. Penal Code Ann. § 19.02(b)(3).

Appellant also asserts that there is a fatal variance between the indictments and the evidence presented at trial, requiring reversal for insufficient evidence. Appellant points to language in the indictment as charging appellant with knowingly and intentionally committing the offense of unauthorized use of a motor vehicle, the underlying offense for the felony-murder charge. Appellant asserts that there is no culpable mental state for felony murder and that the indictments, therefore, contained surplusage that misled him as to the State's burden of proof and his defense of the charges at trial.

A "variance" occurs when there is a discrepancy between the allegations made in a charging instrument and the proof presented at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). In such cases, the State has established an accused's guilt, but proved the commission of the crime in a manner that varies from the allegations in the charging instrument. *Id.* If a variance exists between the allegations and the proof, the evidence may be rendered insufficient to sustain the conviction. *See Wray v. State*, 711 S.W.2d 631, 633 (Tex. Crim. App. 1986).

8

Appellant relies on the case of *Lomax v. State*, 233 S.W.3d 302 (Tex. Crim. App. 2007), for the proposition that there is no culpable mental state required for the act of felony murder. In *Lomax*, the underlying felony offense was driving while intoxicated. *See Lomax*, 233 S.W.3d at 303. The *Lomax* court held that the felony-murder statute requires proof of the underlying felony offense, but does not require any proof of a culpable mental state with respect to causing the death of another or committing an act clearly dangerous to human life. *See id.* at 307 ("[I]t is the underlying felony itself, and not the felony-murder statute, that determines whether the underlying felony requires a culpable mental state."); *Driver v. State*, 358 S.W.3d 270, 278 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Because the underlying offense in *Lomax* was driving while intoxicated, which is a strict-liability felony offense, the State was not required to prove intent as to the underlying felony offense in that case. *See Lomax*, 233 S.W.3d at 304, n.6.

In the case under review, the indictments charged appellant with committing an act clearly dangerous to human life and causing the deaths of the complainants while in the course of committing the felony offense of unauthorized use of a motor vehicle. "Intentional" or "knowing" are elements of the underlying offense of unauthorized use of a motor vehicle that the State had to prove as part of the underlying felony offense. *See* Tex. Penal Code Ann. § 31.07; *Richardson*, 823 S.W.2d at 715; *see also Gollihar*, 46 S.W.3d at 257 (providing that a "hypothetically correct jury charge" encompasses statutory elements of the offense as modified by the charging instrument); *McQueen*, 781 S.W.2d at 604–05; *Battise*, 264 S.W.3d at 227. We already have concluded that the evidence is sufficient to support the jury's finding beyond a reasonable doubt that in the course of and in furtherance of the commission of the felony offense of unauthorized use of a motor vehicle, or in immediate flight from the commission of this offense,

appellant committed an act clearly dangerous to human life, speeding, that caused the deaths of the complainants. Therefore, there is no variance between the charging instruments and the proof at trial. *See Gollihar*, 46 S.W.3d at 248. Moreover, appellant has not demonstrated that a variance, if any, is material. *See id.* We overrule appellant's sole issue on appeal.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).