ACCEPTED
04-14-00682-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/30/2015 4:19:58 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00682-CR

## IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

3/30/2015 4:19:58 PM

KEITH E. HOTTLE
Clerk

———————————————————————

### BENITO GARZA,
**Appellant**

**v.**

### THE STATE OF TEXAS,
**Appellee**

———————————————————————

## ON APPEAL FROM THE 187th DISTRICT COURT OF BEXAR COUNTY, TEXAS CAUSE NO. 2013-CR-9168

———————————————————————

## BRIEF FOR THE STATE

———————————————————————

**NICHOLAS "NICO" LAHOOD**
**Criminal District Attorney**
**Bexar County, Texas**

**LAURA E. DURBIN**
**Assistant Criminal District Attorney**
**Bexar County, Texas**
**Paul Elizondo Tower**
**101 W. Nueva Street**
**San Antonio, Texas 78205**
**Phone: (210) 335-2411 Fax: (210) 335-2436**
**State Bar No. 24068556**

**Attorneys for the State of Texas**

**<u>ORAL ARGUMENT WAIVED</u>**

## Identity of Parties and Counsel

Pursuant to TEX. R. APP. P. 38.2(a), the appellee supplements the appellant's list of parties as follows:

**APPELLATE STATE'S**
**ATTORNEY**

**Laura E. Durbin**
Assistant Criminal District Attorney
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
State Bar No. 24068556
laura.durbin@bexar.org
(210) 335-2411

# Table of Contents

Identity of Parties and Counsel ................................................................................. ii

Table of Authorities .................................................................................................. iv

Statement Regarding Oral Argument ..........................................................................1

Statement of the Case...................................................................................................1

Statement of the Facts ..................................................................................................1

*Appellant's First Point of Error*: ...............................................................................3

> *The Appellant was egregiously harmed when the trial court failed to give a unanimity instruction to the jury.* ...................................................................................................3

*State's Response to Appellant's First Point of Error*: ...............................................3

> *The jury charge contained a proper unanimity instruction because the jury did not need to be unanimous as to the manner and means in Appellant committed the felony murder.* ......................................3

Argument.......................................................................................................................4

*Appellant's Second Point of Error*:............................................................................7

> *The erroneous jury charge egregiously harmed Garza.* ........................................................................................7

*State's Response to Appellant's Second Point of Error*: ...........................................7

> *The jury charge was not erroneous and therefore Garza was not harmed*...................................................................7

Prayer for Relief...........................................................................................................7

Certificate of Compliance ............................................................................................8

Certificate of Service ...................................................................................................8

# Table of Authorities

**Statutes**

Tex. Penal Code Ann. 19.02(b)(3) (Vernon Supp. 2014).............................................6

**Rules**

Tex. R. App. P. 9.4 (West 2013)...........................................................................8

Tex. R. App. P. 38.2(a) ...................................................................................... ii

**Cases**

*Almanza v. State*,
    686 S.W.2d 157 (Tex. Crim. App. 1985) ..............................................................4

*Arrington v. State*,
    No. PD-1448-13, 2015 Tex. Crim. App. LEXIS 15 (Tex. Crim. App. Jan. 15, 2015) ....................................................................................................6

*Cosio v. State*,
    353 S.W3d 766 (Tex. Crim. App. 2011) ..............................................................4

*Holford v. State*,
    177 S.W.3d 454 (Tex. App.—Houston [1st Dist.] 2005, *pet. ref'd*) .....................5

*Kitchens v. State*,
    823 S.W.2d 256 (Tex. Crim. App. 1991) ..............................................................6

*Magaña v. State*,
    351 S.W.3d 501(Tex. App.—San Antonio 2011, *no pet.*) ...................................4

*Sanchez v. State*,
    182 S.W.3d 34 (Tex. App.—San Antonio 2005, *pet. granted*)............................4

*White v. State*,
    208 S.W.3d 467 (Tex. Crim. App. 2006) ..............................................................6

**TO THE HONORABLE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS:**

Now comes, Nicholas LaHood, Criminal District Attorney of Bexar County, Texas, and files this brief for the State.

## Statement Regarding Oral Argument

The State waives oral argument. However, if the Court is inclined to grant argument, the State is prepared to present argument and would respectfully ask the Court for an opportunity to respond.

## Statement of the Case

On October 21, 2013, Appellant, Benito Garza (hereinafter "Garza") was indicted by a Bexar County grand jury for one count of felony murder. (CR 5-6). After refusing a peal offer, Garza pled not guilty and proceeded to a jury trial in the 187th District Court on September 22, 2014. (2 RR 1, 3 RR 7, 11). On September 25, 2014, the jury returned a guilty verdict. (5 RR 36). At the end of the punishment phase, the jury sentenced Garza to 60 years incarceration in the Texas Department of Corrections, Institutional Division. (CR 53-54, 7 RR 15).

The trial court certified Garza's right to appeal. (CR 67-68, 7 RR 15). Garza filed a notice of appeal and this appeal follows.

## Statement of the Facts

The facts of the case are not pertinent to the issue on appeal. However the State will give a brief summation of the main facts.

1

On September 21, 2012, Garza entered the home of Michel Jay Flores in the Indian Creek subdivision on the southwest side of San Antonio. (3 RR 91-92) Flores was in the bathroom at the time, when he heard his brother scream out. Flores exited the bathroom and found his brother laying on the floor and learned he had been robbed. (3 RR 92). Garza testified that he had gone to the home to "retrieve" property. (4 RR 152). Flores tried to chase down Garza on foot and then in a vehicle, but was not successful. Neighbors called the police after seeing a man with a gun in a silver sedan. (3 RR 26).

Police responded and quickly targeted a silver Hyundai exiting the subdivision. (3 RR 51). Clearly marked patrol cars with overhead lights pursued Garza down Old Pearsall Road towards Loop 410. (3 RR 71). Garza never attempted to stop and cut through a gas station parking lot and then entered Loop 410 traveling in the wrong direction at 7 P.M. that evening. (3 RR 71). The officers ceased their immediate chase to pursue Garza in the correct flow of traffic. (3 RR 74).

Meanwhile, Roxana Tenorio and her husband, Pedro Tenorio, were traveling from Corpus Christi, Texas to a motorcycle rally in Bandera, Texas. (3 RR 18). Garza collided with the couple head on. (4 RR 22-25). Pedro Tenorio was killed instantly from multiple traumatic injuries, including a severed spinal cord and arm. (4 RR 109). Roxana Tenorio lost her leg, but survived the collision. (3 RR 19).

2

Garza's car collided not only with the motorcycle, but Nicole Valadez-Moreno's vehicle as well. (4 RR 22, 32). Garza fled the scene of foot with a shot gun and was apprehended in a nearby school bus parking lot. (3 RR 52, 4 RR 58). Garza testified that he did not remember the accident.

Garza was indicted with felony murder. (CR 5). The indictment alleged that Garza committed robbery and evaded in a vehicle and while in commission or flight of those offenses committed an act clearly dangerous to human life which caused the death of Pedro Tenorio. (CR 5). At trial, the jury was submitted both the robbery and evading with a vehicle as two alternative theories of the felony murder charge. (CR 49, 50). The charge included a general instruction that the verdict must be unanimous. (CR 53).

**Appellant's First Point of Error:**
**The Appellant was egregiously harmed when the trial court failed to give a unanimity instruction to the jury.**


**State's Response to Appellant's First Point of Error:**
**The jury charge contained a proper unanimity instruction because the jury did not need to be unanimous as to the manner and means in Appellant committed the felony murder.**


**Summary of the Argument**

There was no error in the jury charge. Garza was charged with felony murder in the course of either committed a robbery or evading in a vehicle. Two alternative theories of committing felony murder were submitted to the jury and

3

the jury properly returned a general verdict of guilt. The jury was not required to be unanimous as to the theory, or manner and means, of committing felony murder as long as the evidence supported either. The evidence supported both alternative theories. The jury charge contained no error and therefore Garza was not harmed.

## **Argument**

In analyzing a jury charge, the court must first decide whether error exists. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1985). If error exists, then it must be analyzed for harm. Id. If the appellant objected to the charge before it was given to the jury, the court will only reverse the trial court's judgment if "some harm" resulted. *Sanchez v. State*, 182 S.W.3d 34, 61 (Tex. App.—San Antonio 2005, pet. granted) (*citing Almanza*, 686 S.W.2d at 171). However, if an appellant did not object to the charge, the court must find egregious harm to reserve the trial court's judgment. *Id*.

Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed. *Cosio v. State*, 353 S.W3d 766, 771 (Tex. Crim. App. 2011). A jury must unanimously convict a defendant of a single, specific offense, but it need not unanimously agree as to any particular theory of how the defendant committed that offense. *Magaña v. State*, 351 S.W.3d 501, 504 (Tex. App.—San Antonio 2011, *no pet*.). "In reviewing a disjunctive jury charge, we first determine whether the separate application paragraphs contain different

criminal acts or whether they merely instruct as to different means of committing the single offense." *Id.*, *quoting Holford v. State*, 177 S.W.3d 454, 461 (Tex. App.—Houston [1st Dist.] 2005, *pet. ref'd*). In *Magaña*, the appellant had been convicted of felony murder and argued the trial court committed harmful error by allowing for a less than unanimous jury verdict. *Magaña*, 351 S.W.3d at 503. Similar to the facts here, the appellant had committed two separate felonies in the commission of the offense of felony murder. *Id.* The court rejected the appellant's argument and found that the jury must be unanimous to the single offense charged, but it need not be unanimous as to the particular theory of how the defendant committed the offense. *Id.* at 505.

Here, the jury charge contained a general instruction that the jurors must be unanimous in their verdict. (CR 53). Garza's trial counsel did not object to the jury charge, however, Garza now argues the jury charge allowed for a non-unanimous verdict. Specifically, the jury charge allowed for conviction by a less than unanimous verdict because some jurors could have convicted him of murder based on the robbery and others could have convicted him of murder based on the evading arrest with a vehicle. However, if an indictment alleges multiple felonies as alternative basis for felony murder liability, the felonies are not elements because the felonies constitute the manner and means that make up the felony element of felony murder. *White v. State*, 208 S.W.3d 467, 469 (Tex. Crim. App.

5

2006); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); Tex. Penal Code Ann. 19.02(b)(3) (Vernon Supp. 2014). Moreover, "[i]t is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict of the evidence is sufficient to support a finding under any theory submitted." *Kitchens*, 823 S.W.2d at 258. Therefore, the jury need not be unanimous as to which felony constitutes the manner and means as long as there is sufficient evidence to support the underlying felony.

The State submitted two alternatives theories of felony murder: (1) robbery and (2) evading with a vehicle. The evidence supported either theory. At trial, it was shown Garza entered Michael Jay Flores' home. Flores' brother said he had been robbed and Garza himself admitted that he entered the home, armed, to retrieve property. Multiple witnesses then saw Garza flee in his car. Garza evaded the police attempting to conduct a stop and he entered the highway traveling the opposite direction at a high rate of speed. He then collided with and killed Pedro Tenorio. Since the evidence supported either theory of robbery or evading with a vehicle the charge was not erroneous and the jury returned a valid verdict.

Garza relies on a recent Court of Criminal Appeals case to advance his argument. *See Arrington v. State*, No. PD-1448-13, 2015 Tex. Crim. App. LEXIS 15 (Tex. Crim. App. Jan. 15, 2015). However, *Arrington* considered the proper

6

harm analysis the court must conduct when there is an unobjected-to erroneous jury charge. *Id.* *Arrington* does not apply to Garza's analysis because there is no error in the jury charge.

**Appellant's Second Point of Error:**
**The erroneous jury charge egregiously harmed Garza.**

**State's Response to Appellant's Second Point of Error:**
**The jury charge was not erroneous and therefore Garza was not harmed.**

As discussed in the previous point of error, the jury charge had no error and the State will forgo a harm analysis.

**Prayer for Relief**

The State prays that this Court will affirm the judgment of the trial court.

Respectfully submitted,
NICHOLAS "NICO" LAHOOD
Criminal District Attorney
Bexar County, Texas

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN
Assistant Criminal District Attorney
Bexar County, Texas
101 West Nueva, 7th Floor
San Antonio, Texas 78204
(210) 335-2411
State Bar No. 24068556
(On Appeal)

Attorneys for the State

7

## Certificate of Compliance

I certify, in accordance with newly revised Rule 9.4 of the Texas Rules of Appellate Procedure that this document contains 1,463 words.

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN

## Certificate of Service

I certify that a copy of the foregoing brief was sent to Guillermo Lara, Attorney for Appellant, at alexjoss@yahoo.com and cindy@campionlawfirm.com by electronic service on the 30th day of March, 2015.

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN