

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00682-CR

Benito **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR9168
Honorable Raymond Angelini, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Marialyn Barnard, Justice
                  Patricia O. Alvarez, Justice
                  Jason Pulliam, Justice

Delivered and Filed:  August 5, 2015

AFFIRMED

Appellant Benito Garza was charged by indictment with felony murder. The jury convicted Garza and assessed punishment at sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Garza contends the trial court erred by failing to provide a unanimity instruction in the court's charge. Because the unanimity requirement is not violated by instructing the jury on alternative legal theories of committing the same offense, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

On September 21, 2012, San Antonio police officers responded to a home invasion in the Indian Creek subdivision in San Antonio, Texas. The suspect left the subdivision in a small gray Kia vehicle. Officer Nathan Zachary was in route to the location when he witnessed a small gray Kia traveling the opposite direction on Five Palms Drive. Officer Zachary activated the overhead lights and sirens on his marked vehicle and attempted to stop the Kia. Officer Zachary continued to follow the Kia through a gas station parking lot and down Old Pearsall Road where the Kia ran a red light. The officer suspended his chase when the Kia entered the exit ramp of Interstate Loop 410 traveling the wrong direction into oncoming traffic.

The Kia ran head-on into a motorcycle carrying Roxana and Pedro Tenorio. Pedro was killed on impact and Roxana survived the collision, but lost her leg. The driver of the Kia exited his vehicle carrying a shotgun and was apprehended in a nearby school bus parking lot. The driver of the vehicle was identified as Appellant Benito Garza.

Garza was charged by indictment with felony murder, with an enhancement paragraph alleging a prior felony conviction and a deadly weapon enhancement. The two paragraph indictment alleged:

PARAGRAPH A
on or about the 21st Day of September, 2012, BENITO GARZA, hereinafter referred to as defendant, did then and there commit or attempt to commit the felony offense of EVADING ARREST IN A VEHICLE, and while in the course of or in furtherance of or in immediate flight from the commission or the attempted commission of this offense, the defendant did then and there commit or attempt to commit an act clearly dangerous to human life, to wit: DRIVING A MOTOR VEHICLE AT A SPEED THAT WAS NOT REASONABLE OR PRUDENT UNDER THE CIRCUMSTANCES THEN EXISTING, DRIVING A MOTOR VEHICLE AND FAILING TO APPLY THE BRAKES IN A TIMELY AND REASONABLE MANNER AND /OR DRIVING THE MOTOR VEHICLE INTO ONCOMING TRAFFIC, DRIVING A MOTOR VEHICLE AND ATTEMPTING TO PASS ANOTHER MOTOR VEHICLE WHEN IT WAS NOT REASONABLE AND PRUDENT UNDER THE CIRCUMSTANCES THEN EXISTING, DRIVING A MOTOR VEHICLE AND FAILING TO MAINTAIN A SINGLE

LANE OF TRAFFIC, DRIVING A MOTOR VEHICLE AND FAILING TO TAKE NECESSARY EVASIVE ACTION TO AVOID COLLIDING WITH ANOTHER VEHICLE IN/ON WHICH THE COMPLAINANT WAS A DRIVER OR PASSENGER WHICH CAUSED THE DEATH OF AN INDIVIDUAL, NAMELY: PEDRO TENORIO;

PARAGRAPH B

on or about the 21st Day of September, 2012, BENITO GARZA, hereinafter referred to as defendant, did then and there commit or attempt to commit the felony offense of ROBBERY THREATS, and while in the course of or in furtherance of or in immediate flight from the commission or the attempted commission of this offense, the defendant did then and there commit or attempt to commit an act clearly dangerous to human life, to wit: DRIVING A MOTOR VEHICLE AT A SPEED THAT WAS NOT REASONABLE OR PRUDENT UNDER THE CIRCUMSTANCES THEN EXISTING, DRIVING A MOTOR VEHICLE AND FAILING TO APPLY THE BRAKES IN A TIMELY AND REASONABLE MANNER AND /OR DRIVING THE MOTOR VEHICLE INTO ONCOMING TRAFFIC, DRIVING A MOTOR VEHICLE AND ATTEMPTING TO PASS ANOTHER MOTOR VEHICLE WHEN IT WAS NOT REASONABLE AND PRUDENT UNDER THE CIRCUMSTANCES THEN EXISTING, DRIVING A MOTOR VEHICLE AND FAILING TO MAINTAIN A SINGLE LANE OF TRAFFIC, DRIVING A MOTOR VEHICLE AND FAILING TO TAKE NECESSARY EVASIVE ACTION TO AVOID COLLIDING WITH ANOTHER VEHICLE IN/ON WHICH THE COMPLAINANT WAS A DRIVER OR PASSENGER WHICH CAUSED THE DEATH OF AN INDIVIDUAL, NAMELY: PEDRO TENORIO;

The trial court's charge tracked the language of the indictment, providing the two alternative theories of committing felony murder under section 19.02(b)(3). *See* TEX. PEN. CODE ANN. § 19.02(b)(3).

A person commits an offense if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

*Id*. During the charge conference, defense counsel's request for the lesser included offense of criminally negligent homicide was denied. No other objections were made to the court's charge.

The jury found Garza guilty of the charged offense and made an affirmative finding of a deadly weapon. Garza entered a plea of true to the enhancement allegation, and the jury assessed

punishment at sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, Garza complains the guilt-innocence charge provided two separate theories as to how Garza committed the murder of Pedro Tenorio without providing the jury with a unanimity instruction. Garza contends the trial court's error allowed the jury not to be unanimous on the question of how Garza committed felony murder. Garza further contends the error caused egregious harm.

UNANIMITY INSTRUCTIONS

## A.      When Jury Charge Must Include Unanimity Instruction

"Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005); *see also Leza v. State*, 351 S.W.3d 344, 356 (Tex. Crim. App. 2011) ("Jury unanimity is required on the essential elements of the offense but is generally not required on the alternate modes or means of commission."). While "the jury must unanimously agree about the occurrence of a single criminal offense, . . . they need not be unanimous about the specific manner and means of how that offense was committed." *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011); *see also Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007); *Ngo*, 175 S.W.3d at 745–46.

The trial court properly charges a jury with a general verdict form when an "indictment [does] not allege different offenses but only allege[s] different ways of committing the same offense." *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. [Panel Op.] 1982) (op. on reh'g); *accord Zavala v. State*, 401 S.W.3d 171, 182 (Tex. App—Houston [14th Dist.] 2011, pet. ref'd). Importantly, however, alternative methods of committing the same offense are properly submitted in the disjunctive, in a general verdict form, if the evidence is legally sufficient to

support a finding of the offense under any of the theories submitted. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *accord Finster v. State*, 152 S.W.3d 215, 218 (Tex. App.—Dallas 2004, no pet.).

**B.** *White v. State*

The Texas Court of Criminal Appeal's case, *White v. State*, 208 S.W.3d 467 (Tex. Crim. App. 2006), is instructive on this issue. In *White*, the defendant was convicted of felony murder under section 19.02(b)(3). *Id*. at 467. The evidence presented at trial supported that White was driving a stolen car during a high-speed chase when his vehicle collided with another vehicle, killing the driver. *Id*. The two paragraph indictment alleged White caused the victim's death during the commission of a state-jail felony, either unauthorized use of a motor vehicle or evading arrest or detention. *Id*. at 467–68. "The jury charge authorized the jury to convict appellant if it unanimously found that he caused the victim's death during the commission of either one of these two felonies without having to unanimously find which felony appellant was committing." *Id*. at 468. Like Garza, White claimed for the first time on appeal that the court's charge violated his right to a unanimous jury verdict. *Id*.

The *White* court explained the term felony under section 19.02(b)(3):

> The term "felony" is clearly an element of Section 19.02(b)(3), thus requiring a jury to unanimously find that the defendant committed a "felony." And, in cases like this, where some of the jurors might believe that the defendant committed felony A and the rest of the jurors might believe that he committed felony B, the jury has unanimously found that the defendant committed a "felony." In addition, the transitive verb of the portion of Section 19.02(b)(3) at issue here is "commits" followed by the term "felony." This indicates that the prohibited conduct about which a jury must be unanimous is that the defendant commit a "felony," and not one specific felony out of a combination of felonies.

*Id*. (internal citations omitted); *accord Contreras v. State*, 312 S.W.3d 566, 584 (Tex. Crim. App. 2010); *see also Jefferson v. State*, 189 S.W.3d 305, 312–14 (Tex. Crim. App. 2006).

We see no distinction in the case presented before us today.

**C.** **Application**

Garza was charged with felony murder in a two-count indictment with "felony A" being evading arrest and "felony B" being robbery threats. Thus, because Garza's indictment alleged two felonies under section 19.02(b)(3), the actual felonies of evading arrest and robbery threats are not elements on which the jury must be unanimous. *See White*, 208 S.W.3d at 469; *Contreras*, 312 S.W.3d at 584. Instead, "[t]hese felonies constitute the manner or means that make up the 'felony' element of Section 19.02(b)(3)." *White*, 208 S.W.3d at 469; *see also Jefferson*, 189 S.W.3d at 311 n.7 (explaining the unanimity question turns on whether a particular term in the statute is an element and thus requires unanimity, or whether the term is "an underlying brute fact or means of committing an element" and does not require juror unanimity). Accordingly, the trial court did not err in failing to include a unanimity instruction in the court's charge. Having found no error, we need not address Garza's remaining issue on appeal. The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH