

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00605-CR

Julian Andrew **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR5210
The Honorable Laura Lee Parker, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Irene Rios, Justice

Delivered and Filed:  September 26, 2018

AFFIRMED

A jury convicted Julian Martinez for the offense of murder in the shooting death of Amanda Acosta, which occurred in March 2016. Based upon the jury's recommendation, the trial court sentenced Martinez to thirty years' imprisonment. On appeal, Martinez challenges the sufficiency of the evidence supporting his conviction. Martinez additionally contends the trial court erred by denying his motion for new trial and not holding a hearing on the motion; the State failed to disclose exculpatory evidence; and he was denied the right to a unanimous verdict. We affirm.

**BACKGROUND**

The night of March 14, 2016, Martinez attended a party with Manuel Escamilla. During the party, Martinez had a physical altercation with Raven Moreno, who attended the party with Amanda Acosta. The homeowner where the party took place ordered the party attendees to leave, and Martinez and Moreno continued arguing outside as Moreno and Acosta walked to their vehicle, a black Jeep. Escamilla, also identified as "Big Meech," testified he entered his own vehicle and heard gunshots, although he could not identify from where the shots originated. Moreno and Acosta had entered the Jeep. Acosta sat in the rear passenger seat, where a bullet traveled through the back of the vehicle and hit Acosta, killing her.

Shortly thereafter, Martinez entered Escamilla's vehicle holding a handgun. Escamilla testified Martinez fired the handgun from the front passenger's seat of Escamilla's vehicle, and Escamilla then drove away from the scene. Travis Erickson, another party attendee, testified he saw Martinez with a handgun. Erickson additionally testified he heard a gunshot from the passenger's side of the car that he saw Martinez enter.

Escamilla testified that he and Martinez spoke the following day at Escamilla's home. According to Escamilla, Martinez admitted to shooting someone the night before and also showed Escamilla a news report of the incident, which identified Acosta as the victim. Also according to Escamilla, Martinez had once showed Escamilla a handgun, and told Escamilla it was a Glock .40 caliber.

During the investigation of the incident, officers found a .40 caliber bullet shell at the scene. Additionally, Detective Dustin Duffin testified he located four bullet holes in the Jeep. According to Detective Duffin, the bullet hole located in the back hatch of the Jeep was caused by either a 9mm or .40 caliber bullet. Medical Examiner, Dr. William McClain recovered a bullet from Acosta's body. Dr. McClain testified the bullet entered Acosta's back and traveled downward

toward the front of her body. Dr. McClain further testified the bullet was "medium caliber," and Detective Mark Duke confirmed the bullet recovered by Dr. McClain was a .40 caliber bullet.

ANALYSIS

**Sufficiency of the Evidence**

In his first issue, Martinez contends the evidence is insufficient to support his conviction for murder.[1] Specifically, Martinez argues the witnesses' testimonies failed to link him to the offense because the evidence is insufficient to link Martinez to the murder weapon.

*Standard of Review*

When examining the sufficiency of the evidence, we consider all the evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The standard is the same for both direct and circumstantial cases. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

As the factfinder, the jury is the exclusive judge of witness credibility and the weight of the evidence. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). The jury is permitted to draw reasonable inferences from the evidence so long as the inferences are supported by the record. *Id.* Further, the reconciliation of conflicts in the evidence is within the factfinder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). If a record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the prevailing

---

[1] In his brief, Martinez specifically contends the evidence is factually insufficient to support his conviction. However, the Texas Court of Criminal Appeals abolished factual-sufficiency review. *See Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.); *id.* at 926 (Cochran, J., concurring); *see also Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011); *Mayberry v. State*, 351 S.W.3d 507, 509 (Tex. App.—San Antonio 2011, pet. ref'd). We construe Martinez's argument to challenge whether the evidence presented at trial is ***legally*** sufficient to support Martinez's conviction and address issue one as such.

party and therefore defer to that determination. *Jackson*, 443 U.S. at 319; *Hooper v. State*, 214 S.W.3d 9, 12 (Tex. Crim. App. 2007). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Winfrey v. State*, 393 S.W.3d 763, 771 (Tex. Crim. App. 2013); *Hooper*, 214 S.W.3d at 13.

***Discussion***

> A person commits the offense of murder if he:
>
> commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011). Here, the indictment alleged two alternative predicate felonies underlying the felony murder charge: aggravated assault with a deadly weapon and deadly conduct.

A person commits an assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another[.]" *Id*. § 22.01(a)(1). The Penal Code defines "bodily injury" to mean "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(a)(8) (West Supp. 2017). An assault is elevated to an aggravated assault if the person "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(2). A firearm is a deadly weapon per se. *See id*. § 1.07(a)(17)(A). A person commits the offense of deadly conduct "if he knowingly discharges a firearm at or in the direction of one or more individuals." *Id*. § 22.05(b)(1).

The evidence presented during trial showed that Martinez possessed a .40 caliber handgun. Two witnesses, Erickson and Escamilla, testified Martinez had a handgun following the altercation outside the party on March 14, 2016. Erickson testified he heard a gunshot from the vehicle in

- 4 -

which Martinez was a passenger. Escamilla testified Martinez shot at least one round while sitting in the passenger's seat of Escamilla's car. The bullet hole through the back of the Jeep Acosta was sitting in was identified as being consistent with a .40 caliber bullet, and the bullet recovered from Acosta's body was a .40 caliber bullet. Additionally, Escamilla testified Martinez acknowledged shooting Acosta during a conversation the day after the offense.

Viewing the evidence in the light most favorable to the verdict and assuming the jury resolved any conflicts in favor of the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Martinez fired a .40 caliber handgun at or in the direction of one or more individuals. Alternatively, viewing the evidence in the light most favorable to the verdict and assuming the jury resolved any conflicts in favor of the verdict, we conclude there was sufficient evidence for the jury to find Martinez intentionally or knowingly caused bodily injury to Acosta and used or exhibited a deadly weapon while doing so.

Accordingly, we hold the evidence was legally sufficient to support the jury's guilty verdict for the offense of felony murder against Martinez.

Issue one is overruled.

### Amended Motion for New Trial

In his second and third issues, Martinez contends the trial court erred by not holding a hearing on his motion for new trial and by allowing his motion for new trial to be overruled by operation of law. In his discussion of issues two and three, Martinez specifically refers to his Amended Motion for New Trial and his claim of newly discovered evidence contained within that motion. Martinez argues he should have been granted a new trial based on a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83 (1963).

*Standard of Review*

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). The trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.* This is a deferential standard of review that requires us to view the evidence in the light most favorable to the trial court's ruling. *Id.* In determining whether the trial court abused its discretion, we do not substitute our own judgment for that of the trial court, and we uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.*

*Discussion*

A defendant may file a motion for new trial "before, but no later than [thirty] days after, the date when the trial court imposes or suspends [a] sentence in open court." TEX. R. APP. P. 21.4(a). A defendant's motion may be amended without leave any time within the thirty-day limit so long as the trial court has not already ruled on the motion. *Id.* at 21.4(b); *see Shamim v. State*, 443 S.W.3d 316, 325 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). However, a defendant may not amend his motion for new trial "outside of the thirty-day time limit, even with leave of the [trial] court," if the State properly objects. *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013); *see also Shamim*, 443 S.W.3d at 325 ("Once the [thirty]-day period expires, a defendant may not amend or enlarge his original motion to include additional claims, unless the State fails to make a timely objection to the amendment."). However, "[t]he fact that the new trial is based on newly discovered evidence has no impact on the appellate timetable." *Licon v. State*, 99 S.W.3d 918, 926 (Tex. App.—El Paso 2003, no pet.). Additionally, [e]vidence presented to the trial court in support of [an] untimely amended motion for new trial may not be considered part of the record on appeal." *Id.*

In this case, the trial court sentenced Martinez on June 16, 2017. Therefore, Martinez's motion for new trial, along with any amendments to that motion for new trial, were due on or before July 17, 2017.[2] On July 14, 2017, Martinez filed a timely Motion For New Trial, asserting the trial court "misdirected the jury as to the law, and/or committed an error material to the defense and injurious to the rights of the Defendant[;] … [t]he verdict was contrary to the law and the evidence[; and] … [he] was denied effective assistance of counsel."

Subsequently, on August 29, 2017 — forty-three days after the date on which the motion for new trial and any amendments were due — Martinez filed his First Amended Motion for New Trial, asserting for the first time that "[t]he newly discovered evidence, presented herein, entitles Mr. Martinez to relief." Although the State did not object to Martinez's untimely amendment of his motion for new trial, we find no authority to support a contention that a trial court abuses its discretion by allowing an untimely amended motion for new trial to be overruled by operation of law. Further, although case law indicates a trial court *may* rule on an untimely amended motion for new trial absent the State's objection, we have found no authority indicating that a trial court *must* do so.

Accordingly, we conclude the trial court did not abuse its discretion by not granting a hearing on Martinez's amended motion for new trial or by allowing Martinez's motion for new trial to be overruled by operation of law.

Issues two and three are overruled.

---

[2] The thirtieth day, July 16, 2017, fell on a Sunday. Therefore, the deadline to file a motion for new trial was July 17, 2017.

**Exculpatory Evidence**

In issues four and five, Martinez contends he was denied due process of law when the State failed to disclose exculpatory evidence as required by *Brady v. Maryland*. *See Brady v. Maryland*, 373 U.S. 83 (1963).

*Discussion*

A defendant's due process rights under the Fourteenth Amendment are violated when a prosecutor, whether in good or bad faith, fails to disclose evidence favorable to the defense that creates a probability sufficient to undermine confidence in the outcome of the proceeding. *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992) (en banc) (quoting *U.S. v. Bagley*, 473 U.S. 667, 682 (1985)); *see also Brady*, 373 U.S. at 87. The purpose of the *Brady* rule is to avoid an unfair trial. *Id*. at 86–88. To establish a due process violation based on *Brady*, the defendant must show: (1) the evidence was not disclosed; (2) the undisclosed evidence was favorable to the defendant; and (3) the undisclosed evidence was material to either guilt or punishment. *Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011).

However, as noted in our discussion of issues two and three above, "[e]vidence presented to the trial court in support of [an] untimely amended motion for new trial may not be considered part of the record on appeal." *Licon v. State*, 99 S.W.3d at 926. Martinez's untimely filed amended motion for new trial was not sufficient to preserve error. Therefore, the appellate record before this court does not support Martinez's issue on appeal, and Martinez presents nothing for our review.

Accordingly, issues four and five are overruled.

**Unanimity**

In his sixth issue, Martinez contends his rights to a unanimous jury verdict were violated because the jury was allowed to convict him on either theory of felony murder without having to decide which theory they believed.

### *Standard of Review and Applicable Law*

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *see Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).

"Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Id*. at 745.; *see also Leza v. State*, 351 S.W.3d 344, 356 (Tex. Crim. App. 2011) ("Jury unanimity is required on the essential elements of the offense but is generally not required on the alternate modes or means of commission."). Although "the jury must unanimously agree about the occurrence of a single criminal offense, ... they need not be unanimous about the specific manner and means of how that offense was committed." *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011); *see also Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007); *Ngo*, 175 S.W.3d at 745–46.

The trial court properly charges a jury with a general verdict form when an "indictment [does] not allege different offenses but only allege[s] different ways of committing the same offense." *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. [Panel Op.] 1982) (op. on reh'g); *accord Zavala v. State*, 401 S.W.3d 171, 182 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Importantly, however, alternative methods of committing the same offense are properly submitted in the disjunctive, in a general verdict form, if the evidence is legally sufficient to

support a finding of the offense under any of the theories submitted. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

The Texas Court of Criminal Appeals's case, *White v. State*, 208 S.W.3d 467 (Tex. Crim. App. 2006), is instructive on this issue. In *White*, the defendant was convicted of felony murder under section 19.02(b)(3). *Id.* at 467. The evidence presented at trial supported that White was driving a stolen car during a high-speed chase when his vehicle collided with another vehicle, killing the other driver. *Id.* The two paragraph indictment alleged White caused the victim's death during the commission of a state-jail felony, either unauthorized use of a motor vehicle or evading arrest or detention in a vehicle. *Id.* at 467–68. "The jury charge authorized the jury to convict appellant if it unanimously found that he caused the victim's death during the commission of either one of these two felonies without having to unanimously find which felony appellant was committing." *Id.* at 468.

> The *White* court explained the term felony under section 19.02(b)(3):
>
> The term "felony" is clearly an element of Section 19.02(b)(3), thus requiring a jury to unanimously find that the defendant committed a "felony." And, in cases like this, where some of the jurors might believe that the defendant committed felony A and the rest of the jurors might believe that he committed felony B, the jury has unanimously found that the defendant committed a "felony." In addition, the transitive verb of the portion of Section 19.02(b)(3) at issue here is "commits" followed by the term "felony." This indicates that the prohibited conduct about which a jury must be unanimous is that the defendant commit a "felony," and not one specific felony out of a combination of felonies.

*Id.* (internal citations omitted); *see also Jefferson v. State*, 189 S.W.3d 305, 312–14 (Tex. Crim. App. 2006).

*Discussion*

Here, Martinez was charged with felony murder in a two-count indictment with "felony A" being aggravated assault with a deadly weapon and "felony B" being deadly conduct. Thus, because Martinez's indictment alleged two felonies under section 19.02(b)(3), the actual felonies

- 10 -

of aggravated assault with a deadly weapon and deadly conduct are not elements on which the jury must be unanimous. *See White*, 208 S.W.3d at 469; *Contreras*, 312 S.W.3d at 584. Rather, "[t]hese felonies constitute the manner or means that make up the 'felony' element of Section 19.02(b)(3)." *White*, 208 S.W.3d at 469; *see also Jefferson*, 189 S.W.3d at 311 n.7 (explaining the unanimity question turns on whether a particular term in the statute is an element and thus requires unanimity, or whether the term is "an underlying brute fact or means of committing an element" and does not require juror unanimity). Here, the jury was instructed that both aggravated assault and deadly conduct are felony offenses, and as in *White*, the jury found unanimously that Martinez committed a "felony." Therefore, we conclude Martinez's complaint on appeal lacks merit.

Issue six is overruled.

## CONCLUSION

For the preceding reasons, we affirm the trial court's judgment.

Irene Rios, Justice

DO NOT PUBLISH